# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-4929 PA | Date | December 12, 2017 |
|---|---|---|---|
| Title | In re Ruben Gonzalez Cuevas | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Renee Fisher | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On July 5, 2017, appellant Ruben Gonzalez Cuevas ("Appellant"), who is represented by counsel, filed a Notice of Appeal challenging five orders issued in the United States Bankruptcy Court for the Central District of California.

The Notice Regarding Appeal from Bankruptcy Court cautioned the parties that they must comply with all applicable rules of the Federal Rules of Bankruptcy Procedure, and that, as provided in those Rules, Appellant was required, within 14 days of filing the Notice of Appeal, to file with the Clerk of the Bankruptcy Court: (1) a designation of record; (2) a statement of issues on appeal; and (3) a notice regarding the ordering of transcripts. The Notice of Appeal from Bankruptcy Court warns the parties that the "failure of either party to comply with the time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal."

Appellant did not timely file the required documents. More than four months after those documents should have been filed, the Court, on its own motion, ordered Appellant to show cause why the appeal should not be dismissed for lack of prosecution. This Court warned Appellant that the failure "to adequately respond to this order to show cause may result in the dismissal of this appeal for failure to prosecute without further warning."

In response to the order to show cause, Appellant states that his appeal of four of the orders is moot and that the appeal of the fifth order is related to a prior order sanctioning Appellant's counsel that is currently on appeal to the Ninth Circuit and that the appeal pending in this Court is therefore "not ripe" and that this Court currently lacks jurisdiction. Appellant, without citing any authority or complying with the Local Rules and the Court's orders regarding the filing of motions, requests that this Court "suspend" the appeal "until the Ninth Circuit (or the United States Supreme Court) has finally resolved the sanctions orders" pending in the Ninth Circuit.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or abide by clear orders of the Court. See, e.g., Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (holding

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4929 PA | Date | December 12, 2017 |
|---|---|---|---|
| Title | In re Ruben Gonzalez Cuevas | | |

that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. Appellee may be further prejudiced unless the appeal is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth Henderson factors, the Court notes despite being clearly notified of the requirements for prosecuting a bankruptcy appeal – and the consequences for failing to do so – Appellant has failed to satisfy those requirements. Appellant's belated acknowledgment that four of the five issues raised in his appeal are moot, and the procedurally defective request to "suspend" the remaining issue indefinitely, which was not made until after this Court raised Appellant's lack of prosecution, establish that Appellant has not prosecuted this appeal. Additionally, although the Court has considered lesser alternatives to dismissal of this appeal, Appellant's response to the order to show cause shows that Appellant continues to be unwilling to diligently prosecute this appeal. Finally, because the Court intends to dismiss this appeal without prejudice, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

Taking all of the above factors into account, dismissal is appropriate. The Court therefore dismisses this appeal without prejudice.

IT IS SO ORDERED.